Lucas v. Sullivan.

———◄◦◦◦►———

ANDREW LUCAS, Respondent, *v.* CORNELIUS D. SULLIVAN, &c., Appellants.

*Practice—Affirmative of Issues.*—Farrell v. Brennan, 32 Mo., 383, affirmed.

*Appeal from St. Louis Court of Common Pleas.*

*B. Duke*, for respondent.

*A. J. P. Garesché*, for appellants.

BATES, Judge, delivered the opinion of the court.

The plaintiff, who had been defendants' clerk, sued them for his wages *quantum meruit.* The petition stated that he had, when a minor, been placed with the defendants to serve them until he should become twenty-one years old, for which the defendants agreed to support him. This statement was substantially admitted by the answer, the defendants also averring that they had appropriated a certain amount for his support.

The plaintiff claimed only compensation after he became of age. The defendants charged that his wages had been agreed upon and fixed. The defendants filed an account as an offset of charges against the plaintiff, both during his minority and after his majority. There is no dispute about those after his majority, and as to the others, the plaintiff replied as follows: "Plaintiff states that prior to his becoming of age defendants furnished him what was necessary to support him, and that he only obtained from defendants sufficient money for that purpose. Plaintiff has no knowledge sufficient to form a belief whether defendants' account of

money furnished him up to the time of his maturity is correct or not, but he denies that defendants furnished him more money than was necessary for his support during said time."

No instructions were given for the plaintiff. Two instructions were given for the defendants, and two asked by them were refused, and the refusals are assigned for error. They are as follows:

1. The jury are instructed that it is admitted by plaintiff's replication that he has received from the defendants the sum of $3,272 81, and the jury must therefore deduct this sum from the amount which plaintiff would otherwise be entitled to recover.

2. The jury are instructed that it is their duty to determine from the law as laid down by the court, and the evidence, what amount plaintiff is entitled to recover, and as said sum is greater or less than the amount admitted to have been received by plaintiff from defendants, viz., $3,272 81, they will render their verdict for the plaintiff or defendants, as the case may be, for such excess, and interest thereon at the rate of six per cent. per annum from the day of the commencement of the action. A verdict and judgment were given for the plaintiff.

The sum mentioned in those instructions includes all the charges against the plaintiff during his minority, and therefore the instructions were properly refused, because although the plaintiff, in his replication, did not put in issue the fact that such sums were paid to and for him, yet it was not charged by the defendants, nor was any evidence given to show, that the sums so paid exceeded what the defendants were bound to pay for the support of the plaintiff, and they could not therefore be offset against the plaintiff's wages earned after his majority.

The defendants, at the trial, claimed that they held the affirmative of the issues, and the right to open and close the case, which was overruled by the court.

They did not hold the affirmative of all the issues; and if

they had, we will not reverse for such a cause, unless it is manifest that the appellants have been injured by the ruling of the court below. (Farrell v. Brennan, 32 Mo. 383.)

Judgment affirmed with ten per cent. damages. Judges Bay and Dryden concur.